IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN LEACH,
    Plaintiff,

v.    CIVIL ACTION NO. 19-CV-3233

PPS PHILA PRISON SYSTEM,
    Defendant.

MEMORANDUM

PADOVA, J.    AUGUST 29, 2019

Plaintiff Kevin Leach, who is representing himself (proceeding *pro se*) brings this civil action against the Philadelphia Prison System based on the conditions in which he was recently incarcerated. Leach seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Leach leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

I.    FACTS

Leach's Complaint is sparse. The Complaint suggests that Leach was incarcerated within the Philadelphia Prison System from May 22, 2019 through July 22, 2019. In the portion of the form complaint that asks a plaintiff to describe the facts giving rise to his claims, Leach wrote only "human totature [sic]." (Compl. at 5.) He claims to have suffered "mental illness" and seeks damages of $100 million. (*Id.* at 6.)

II.    STANDARD OF REVIEW

The Court grants Leach leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

1

claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Leach is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, the Philadelphia Prison System "is not legal entity but instead is a department of the City of Philadelphia" and is not a "person" for purposes § 1983. *Burgos v. Phila. Prison System*, 760 F. Supp. 2d 502, 503 n.1 (E.D. Pa. 2011); *see also* 53 Pa. Cons. Stat. Ann. § 16257.

In any event, Leach has not stated a basis for municipal liability. To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, No. 16-

2

4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Leach's Complaint is based on one entirely conclusory phrase which indicates his belief that he was subjected to torture while incarcerated. He has not explained the conditions to which he was subjected in a manner that would state a plausible constitutional violation. He also has not alleged any facts to support a plausible basis for municipal liability based on the conditions he intends to challenge. In sum, the Complaint fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Leach's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Leach will be given an opportunity to file an amended complaint in the event he can state a plausible claim against an appropriate defendant based on the conditions of his confinement. An Order follows.

BY THE COURT:

JOHN R. PADOVA, J.

7/30/19 mail
Leach

xc: forms

3